The Lamson Building Company v. Commissioner.
Lamson Bldg. Co. v. Commissioner
Docket No. 111441.
United States Tax Court
1943 Tax Ct. Memo LEXIS 270; 2 T.C.M. (CCH) 210; T.C.M. (RIA) 43265; June 4, 1943
*270 W. A. Bolt, Esq., 1434 Nicholas Bldg., Toledo, O., and A. J. Boran, Esq., 1434 Nicholas Bldg., Toledo, O., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined deficiencies in petitioner's income tax of $2,953.35 for 1939 and $3,245.45 for 1940. For each year three adjustments were made but the petitioner attacks only the disallowance of a portion of the deduction taken by the petitioner in its return for depreciation. For 1939, the petitioner took a deduction for depreciation of $29,546.96; the Commissioner disallowed $16,109.34 and held that the remainder $13,437.62 represented a reasonable allowance within the provisions of Section 23 (1), Revenue Act of 1938. For 1940, he reduced the deduction taken, $29,340.72, by disallowing as excessive $15,903.10 and determining that the remaining $13,437.62 represented a reasonable allowance under the statute. The petitioner assigned the disallowance for each year as error, alleged that the amounts claimed were in accordance with a schedule set forth in its returns and were reasonable and represented a fair estimate of the useful life of each item. *271 The case was submitted upon a stipulation of facts with no additional evidence. The petitioner, who apparently was a ninety-nine year lessee of three lots in Toledo, made a seventy-five year lease for a term ending February 28, 2003, in which it was lessor and the Lamson Brothers Company was lessee. This lease "included the land and a five-story building thereon built by Petitioner". The stipulation then proceeds as follows: (6) That the issue in this proceeding is whether said building should be depreciated over the term of said lease or whether the depreciation should be allowed as set forth in the Petitioner's returns for the taxable years ending January 31, 1939 and January 31, 1940, at the rates and on the cost basis as follows: Year January 31, 1939
Cost
Rate
Depreciation
Main Building
$ 704,087.41
2%
$14,418.12
Annex
136,387.15
2 1/2%
3,512.64
Elevators
116,012.97
4%
4,879.20
Heating, Plumbing and Ventilating
84,972.31
4%
3,570.72
Main Sprinkler System
16,778.73
2%
343.56
Annex, Sprinkler System
5,153.47
2 1/2%
132.72
Electric Lighting
38,351.39
4%
1,612.32
Power Wiring
9,707.69
5%
521.16
Awnings
10% - frames
895.34
25% - wires
110.78
Window Shades and Drapes
533.62
10%
66.44
Fire Protection
419.46
6 2/3%
31.80
Floor Coverings - Linoleum
3,116.05
8 1/3%
318.48
Floor Coverings - Carpeting
11,393.92
12 1/2%
none
Signs
239.70
12%
29.02
$1,128,049.21
$29,546.96
Year January 31, 1940
Main Building
$ 704,087.41
2%
$14,418.12
Annex
136,387.15
2 1/2%
3,512.64
Elevators
116,012.97
4%
4,879.20
Heating, Plumbing and Ventilating
84,972.31
4%
3,570.72
Main Sprinkler System
16,778.73
2%
343.56
Annex, Sprinkler System
5,153.47
2 1/2%
132.72
Electric Lighting
38,351.39
4%
1,612.32
Power Wiring
9,707.69
5%
521.16
Awnings
10% - frames
723.65
25% - wires
none
Window Shades and Drapes
533.62
10%
none
Fire Protection
419.46
6 2/3%
31.80
Floor Coverings - Linoleum
3,116.05
8 1/3%
318.48
Floor Coverings - Carpeting
6,002.98
12 1/2%
none
Signs
230.70
12%
none
$1,122,486.58
$29,340.72
*272 (7) If it be determined in this proceeding that said building is not to be depreciated over the term of said lease, to wit, until midnight February 28, 2003, then Petitioner shall be allowed deductions for depreciation sustained in the amount of $29,546.96 for 1939 and $29,340.72 for 1940, as claimed in the returns filed for said years on the cost basis and rates set forth in the proceeding paragraph (6). Under this stipulation the parties argue the question whether the petitioner is entitled to a deduction for depreciation of the building over a period shorter than the seventy-five year term of the lease. This, we think, is a question upon which the evidence is insufficient to supply an answer. The Commissioner has made a determination that a definite amount is a reasonable allowance for depreciation under the statute. How this amount was determined by the Commissioner is not shown, although the petitioner's argument proceeds upon the assumption that the amount is predicated upon a seventy-five year life of the building. This proposition the petitioner attacks relying upon the general proposition that a long term lessee is per se entitled to a depreciation deduction based *273 upon the life of a building on the leased property used in its trade or business. It cannot be held as a matter of law that this alone determines the measure of a reasonable allowance for depreciation. It is quite conceivable that a lessee of a ninety-nine year term, who incurs the cost of constructing a building on the premises and as a sublessor leases the entire property for seventy-five years, is property to be regarded as incurring the cost of the building as an investment amortizable over the entire seventy-five years. The question in any case may not be dogmatically answered. Upon the proof in this case, it cannot be said that the Commissioner's determination results in less than a reasonable allowance for depreciation of the property. This affirmance of the Commissioner's determination is made upon the evidence in this case and without regard to the petitioner's statement that the depreciation and method which it claims for 1939 and 1940 are similar to those used in earlier years, without disapproval by the Commissioner. Non constat that such approval for earlier years was incorrect. Assailing the disallowance of deductions in the taxable years the petitioner must fortify *274 its attack by evidence of the reasonable allowance permitted by the statute. Decision will be entered for the respondent.